# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVNIA
# PITTSBURGH DIVISION

| | |
|---|---|
| Renee Smith<br>343 Gregg St.<br>Carnegie, PA 15106<br><br>  Plaintiff,<br><br>v.<br><br>Viking Collection Service, Inc.<br>7500 Office Ridge Circle, Suite 100<br>Eden Prairie, MN 55344<br><br>  Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around September 3, 2008, Defendant telephoned Plaintiff.

8. During this communication, Defendant threatened to garnish Plaintiff's husband's ("Husband") wages if Plaintiff did not pay the debt by 2:00pm that day.

9. At the time of the communication referenced above, Defendant had neither the intent nor ability to garnish Husband's wages.

10. On or around September 3, 2008, Defendant telephoned Plaintiff's friend ("Friend").

11. During this communication, Defendant falsely claimed to be the parent of a child on the soccer team that Plaintiff coached.

12. At the time of this communication, Defendant already had Plaintiff's location information.

13. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

14. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorney for Plaintiff*

3